United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Samuel Barnaby Dyer Coriat, and others, Petitioners, | ) ) ) |
| v. | ) ) Civil Action No. 22-22788-Civ-Scola ) |
| United States of America, and others, Respondents. | ) ) ) |

### Order Adopting Magistrate's Report and Recommendations

  This matter was referred to United States Magistrate Judge Jonathan Goodman for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendation on any dispositive matters. (ECF No. 9.) The case involves petitions by three siblings—Samuel Barnaby Dyer Coriat, Piero Dyer Coriat, and Sheyla Dyer Coriat—to quash summonses from the Internal Revenue Service ("IRS") to the Petitioners' bank accounts. The Court consolidated all three cases, and Judge Goodman has handled the motion to dismiss the petitions filed by the United States and IRS (collectively, the "Government"). (Mot. to Dismiss, ECF No. 11.) Judge Goodman issued a report, recommending that the Court grant the Government's motion to dismiss and deny the Petitioners' request for an evidentiary hearing. (Rep. & Rec., ECF No. 22.) The Petitioners filed objections (Obj., ECF No. 25), to which the Government responded (Resp., ECF No. 28). After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Goodman's report and recommendations (**ECF No. 22**), **grants** the Government's motion to dismiss (**ECF No. 11**) and **denies** the Petitioners' motion for an evidentiary hearing (**ECF No. 19**).

  "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

The Petitioners sought to quash the IRS summonses based on their contention that the Peruvian government, which requested enforcement assistance from the IRS, acted in bad faith in requesting assistance. (Rep. & Rec. at 4.) In his report, Judge Goodman found that the Petitioners have put forth "no evidence which would support even a slight inference that the IRS is knowingly engaging in any type of bad faith," as is required for the Petitioners to establish that the summonses should be quashed. (*Id.* at 8 (cleaned up)); *Verges v. United States*, No. 18-60235-CIV, 2018 WL 3423965, at *2 (S.D. Fla. June 27, 2018) (Bloom, J.) (granting motion to dismiss petition to quash summons "[b]ecause the purpose or propriety of the Spanish tax authorities is not relevant" in determining whether the IRS met the appropriate factors to properly issue a summons). Accordingly, he recommends that the Court grant the Government's motion to dismiss and decline to hold an evidentiary hearing. (Rep. & Rec. at 9.)

In their objection to Judge Goodman's report and recommendations, the Petitioners do not argue that the Magistrate Judge made improper findings or an incorrect legal determination. Rather, they argue for the first time that the IRS summonses were far broader than the requests that the Peruvian government supplied. (Obj. at 3-6.) In response, the Government contends that the Court should decline to consider arguments that were not raised before the Magistrate Judge, and that the Petitioners lack standing to object to the purported overbreadth of the summonses (among other arguments supporting the IRS's acting in good faith). (Resp. at 3-7.)

First, the Court agrees that the Petitioners lack standing to object to any purported overbreadth in the summonses. The summonses are directed to third parties—specifically, the banks holding the Petitioners' accounts—not to the Petitioners themselves. (Rep. & Rec. at 1-2); *Bicoastal Holding Co. & Subsidiaries v. United States*, No. 96-1479-CIV, 1997 WL 369398, at *3 (M.D. Fla. Mar. 25, 1997) ("As the summons at issue is a third-party summons, petitioner lacks standing to raise such a defense.").

Second, even if the Petitioners had standing to raise this overbreadth argument, the Court would decline to address the argument because it is made for the first time in the Petitioners' objection to the report and recommendations. *See, e.g., Palma v. United States*, No. 18-24390-CIV, 2020 WL 7332502, at *2 (S.D. Fla. Dec. 14, 2020) (Martinez, J.) (observing that "the Court need not consider new arguments raised by Movant in his objections to the Report and Recommendation."). The Peruvian government report that the Petitioners cite was issued on November 8, 2022, and the Petitioners did not submit their response to the Government's motion to dismiss until December 12, 2022. (Resp. at 2.) The Petitioners had sufficient time to address the alleged overbreadth argument in their response to the Government's motion to dismiss, but they

neither did so, nor now provide any reason why they may have been unable to do so. (*See* Obj. at 3-5.)

The Court therefore finds Judge Goodman's report and recommendations to be well-reasoned and thorough. Further, the Court has carefully reviewed the Petitioners' objections and concludes they are without merit. In sum, the IRS acted in good faith, and the Petitioners lack standing to object to the purported overbreadth of the summonses.

Accordingly, the Court **affirms and adopts** Judge Goodman's report and recommendations (**ECF No. 22**), **overruling** the Petitioners' objections (**ECF No. 25**), thus **granting** the Government's motion to dismiss (**ECF No. 11**), and **denying** the Petitioners' motion for an evidentiary hearing (**ECF No. 19**). Finally, the Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 20, 2023.

Robert N. Scola, Jr.
United States District Judge